UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>LIONEL STODDARD,<br><br>Defendant. | Criminal No. 04cr355-02 (CKK)<br>(Civil Action No. 12-1322) |

MEMORANDUM OPINION & ORDER
(May 8, 2015)

Presently before the Court is Defendant Lionel Stoddard's [859] Motion for Appointment of Counsel on Rule 60(b) Motion. Stoddard's request that the Court appoint him counsel was filed alongside his Rule 60(b) Motion for Relief from Final Judgment, requesting that the Court reconsider its [838] Order and accompanying [839] Memorandum Opinion denying Stoddard's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The Court has reviewed the instant motion and has determined that it shall DENY Stoddard's [859] Motion for Appointment of Counsel on Rule 60(b) Motion, both as to his request that the Court appoint him counsel and as to his request for relief from the Court's Order denying his § 2255 motion for the foregoing reasons.

In his § 2255 motion, Stoddard argued that the Court should set aside his conviction and sentence because his trial and appellate counsel rendered him ineffective assistance by allegedly: (1) failing to challenge the violation of his statutory and constitutional right to speedy trial; (2) failing to raise double jeopardy challenges to the indictment prior to trial and failing to move to dismiss based on this challenge, and for failing to raise this issue on appeal; (3) failing to raise a Confrontation Clause challenge to certain evidence; and (4) failing to request an informant jury

instruction at trial.  The Court addressed each of Stoddard's claims in its [839] Memorandum Opinion and found each to be without merit.  As such, the Court entered an [838] Order denying Stoddard's Motion to Vacate, Set Aside, or Correct Sentence in its entirety.  As the Court noted in its Memorandum Opinion, the Court also granted leave to file a letter written by Stoddard, requesting that the Court help him find legal assistance.  The Court construed this letter as a motion to appoint counsel.  However, the Court found that the interests of justice did not require that the Court appoint Stoddard counsel and denied the request pursuant to 18 U.S.C. § 3006A(a)(2)(B).  *See* Memo. Op. (Nov. 24, 2014), at 23-24.

Stoddard brings the instant motion pursuant to Federal Rule of Civil Procedure 60(b)(1) and 60(b)(6).  Rule 60(b) sets out the grounds on which the Court "may relieve a party . . . from a final judgment, order, or proceeding."  Fed. R. Civ. P. 60(b).  Rule 60(b)(1) provides that the Court may relieve a party from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect," and Rule 60(b)(6) provides for relief from a final judgment based on "any other reason that justifies relief."  *Id.* at 60(b)(1) & (6).  The party seeking relief under Rule 60(b) bears the burden of showing that he or she is entitled to the relief.  *Norris v. Salazar*, 277 F.R.D. 22, 25 (D.D.C. 2011). In addition, in exercising its discretion under Rule 60(b), the Court "must balance the interest in justice with the interest in protecting the finality of judgments." *Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004).

In the instant motion, Stoddard attaches a letter that he indicates was sent to the Court by him on January 28, 2013, after his § 2255 motion was fully briefed.  *See* Def.'s Mot. for Appt. of Counsel on R. 60(b) Mot. at 7, Ex. 1 (Stoddard Letter), ECF No. [859].  In the letter, Stoddard indicates, "I would like to incorporate[] the arguments raised by my codefendants."  *Id.*  The letter

and the request to incorporate the codefendants' arguments is not referenced in the Court's Memorandum Opinion. Stoddard now argues that the Court should reconsider its ruling denying his § 2255 motion based on claims raised by his codefendants with whom Stoddard stood trial in their § 2255 motions before this Court.[1] Def.'s Mot. for Appt. of Counsel on R. 60(b) Mot. at 4-5. Specifically, Stoddard asserts "[t]hose arguments, as set forth in co-defendant [Miquel] Morrow and [Carlos] Aguiar's respective § 2255 motions, are certainly germane, relevant, and applicable to the factual record which animates this case." *Id.* at 5. Stoddard argues that "[t]he interests of justice and fundamental fairness" require that the Court incorporate the arguments raised by Morrow and Aguiar in their § 2255 into Stoddard's § 2255 motion.[2] *Id.*

The Court shall deny Stoddard's request for two reasons. First, the Court has reviewed its files and has not located a copy of the letter that Stoddard asserts was sent to the Court nor was the letter filed on the docket.[3] As such, the letter was not properly before the Court at the time that it made its ruling on Stoddard's § 2255 motion. *See* LCvR 5.1(a) ("Except when requested by a judge, correspondence shall not be directed by the parties or their attorneys to a judge, nor shall

---

[1] The Court notes that the letter that Stoddard purportedly sent to the Court raises other arguments. However, Stoddard only raises the issue of incorporating his codefendants' arguments in the instant motion as grounds for relief from the Court's judgment. As such, the Court shall only address this argument.

[2] Stoddard was tried alongside five codefendants, Miquel Morrow, Carlos Aguiar, Bryan Burwell, Aaron Perkins, and Malvin Palmer. In the instant motion, he only requests that the Court incorporate the arguments raised by Morrow and Aquiar and not those raised by Burwell, Perkins, and Palmer.

[3] On two separate occasions the Court granted leave to file letters sent by Stoddard to the Court and, as such, both were entered in ECF. *See* Letter (July 18, 2013), ECF No. [820]; Letter (Mar. 27, 2014), ECF No. [824]. Generally, when letters are sent directly to chambers as opposed to the Clerk's Office, the Court either grants or denies leave to file and an entry appears on the docket. Alternatively, the Court returns the letter to the sender.

papers be left with or mailed to a judge for filing."). Second, Stoddard's request to incorporate the arguments raised by Morrow and Aguiar in their § 2255 motions is moot because at this juncture, the Court has issued Orders and accompanying Memorandum Opinions denying all of Morrow's and Aguiar's claims.[4] *See U.S. v. Miquel Morrow*, No. 04cr355-01 (CKK), Order (Apr. 30, 2015), ECF No. [910] & Memo. Op. (Apr. 30, 2015), ECF No. [911]; *see also U.S. v. Carlos Aguiar*, No. 04cr355-03 (CKK), Order (Feb. 12, 2015), ECF No. [862] & Memo. Op. (Feb. 12, 2015), ECF No. [863]; *id.*, Order (Feb. 27, 2015), ECF No. [868] & Memo. Op. (Feb. 27, 2015), ECF No. [869]. Further, the Court notes that Aguiar in his § 2255 motion similarly sought to incorporate the arguments raised by his codefendants in their § 2255 motions. The Court's treatment of Aguiar's request is equally applicable to Stoddard. As the Court explained:

> The Court first notes that Aguiar had access to all of the pleadings filed by his codefendants by virtue of their placement on the public docket. Further, to the extent that Aguiar or any of his codefendants has requested copies of documents or transcripts, the Court has provided them. Further, based on the certificates of service on the government's filings, the government sent copies of its oppositions to all of the § 2255 motions to each of the codefendants. These oppositions would certainly alert Aguiar to the issues being raised by his codefendants in their respective § 2255 motions. Finally, the Court has allowed Aguiar's codefendants to supplement their § 2255 motions after they have been fully briefed but before the Court has issued its ruling; Aguiar has made no such request.
>
> Despite having information about his codefendant's arguments available to him, Aguiar has not indicated in any way which arguments made by his codefendants are specifically applicable to him. Indeed, each codefendant was represented by different counsel and each codefendant was charged with a different combination of offenses. Accordingly, each claim for ineffective assistance of counsel is unique to each codefendant and his own counsel. Further, without full briefing, the Court is unable to determine whether any of the codefendants' objections to their counsels' decisions would be applicable to Aguiar because Aguiar's counsel may

---

[4] The Court notes that Aguiar has a Motion to Alter or Amend Judgment of Motion to Vacate, Set Aside, or Correct Sentence, pending before the Court at this time. *See U.S. v. Carlos Aguiar*, No. 04cr355-03 (CKK), Mot. to Alter or Amend. Judgment, ECF No. [875].

4

> have employed a different strategy.
>
> In essence, Aguiar has attempted to shift the burden of determining what claims he might have, but did not raise with the Court. The Court cannot act as Aguiar's advocate by sifting through his codefendants' arguments to determine which claims raised by the codefendants might have been applicable to Aguiar without the benefit of having Aguiar raise them on his own behalf and explain their relevance as related to him. Nonetheless, the Court notes that it has already considered and denied the following ineffective assistance of counsel claims raised by Aguiar's codefendants related to issues that may be broadly applicable to all codefendants: violations of the statutory and constitutional right to speedy trial; double jeopardy and multiplicity challenges to the indictment; Confrontation Clause challenges to certain evidence; informant jury instructions; theory-of-defense jury instruction; government misconduct; jury polling; and juror misconduct. *See U.S. v. Bryan Burwell*, No. 04cr355-05 (CKK), Memo. Op. (Jan. 15, 2015), at 8-23, 28-30, 32-43. ECF No. [854]; *U.S. v. Lionel Stoddard*, No. 04cr355-02 (CKK), Memo. Op. (Nov. 24, 2014), at 7-23, ECF No. [839]. As discussed, the Court shall not reconsider these claims on Aguiar's behalf when he has not specifically raised them. To the extent that the Court grants relief to any of Aguiar's codefendants on an issue that the Court finds to be applicable to all codefendants, the Court shall reconsider its ruling on this issue.

*U.S. v. Carlos Aguiar*, No. 04cr355-03 (CKK), Memo. Op. (Feb. 12, 2015), at 42-43. The Court shall treat Stoddard's request for relief in a similar manner. To the extent that the Court grants relief to any of Stoddard's codefendants on an issue that the Court finds to be applicable to all codefendants, the Court shall reconsider its ruling on this issue.[5] However, at this time, the Court

---

[5] The Court notes that it has denied all of Stoddard's codefendants' claims in their § 2255 motions with the exception of one claim raised by Burwell that is inapplicable to Stoddard. Specifically, the Court has directed further briefing on the issue of whether Burwell's trial counsel was ineffective for failing to elicit testimony from one of Burwell's witnesses at trial regarding Burwell's whereabouts on a specific date which Burwell claims would have provided an alibi for him. *See generally U.S. v. Bryan Burwell*, No. 04cr355-05 (CKK), Memo. Op. (Jan. 15, 2015), at 43-46, ECF No. [854]; Memo. Op. (Mar. 12, 2015), at 4-8, ECF No. [873]. As such, absent the Court's ruling on motions for reconsideration filed by Stoddard's codefendants, there are no pending claims by any of Stoddard's codefendants that would be applicable to Stoddard as a grounds for relief.

finds no basis to grant Stoddard's request for relief from the Court's Order denying his § 2255 motion. *See generally* Memo. Op. (Nov. 24, 2014) (setting forth the Court's reasoning for denying Stoddard's § 2255 motion). Accordingly, the Court shall deny Stoddard's request that the Court set aside its final judgment in this matter.

Finally, Stoddard requests that the Court appoint him counsel to represent him in this matter. The Court has determined that a hearing or further briefing is not necessary and that Stoddard has set forth no grounds upon which relief may plausibly be granted. As such, the Court finds that the interests of justice do not require that the Court appoint Stoddard counsel in this matter. Accordingly, his request for counsel is denied pursuant to 18 U.S.C. § 3006A(a)(2)(B).

Accordingly, it is, this 8th day of May, 2015, hereby

**ORDERED** that Defendant Lionel Stoddard's [859] Motion for Appointment of Counsel on Rule 60(b) Motion is DENIED, both as to his request that the Court appoint him counsel and as to his request for relief from the Court's [838] Order and accompanying [839] Memorandum Opinion denying his § 2255 motion; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum Opinion & Order to Mr. Stoddard at his address of record.

**SO ORDERED.**

                                          */s/*
                                          **COLLEEN KOLLAR-KOTELLY**
                                          UNITED STATES DISTRICT JUDGE